WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
WILLIAM A. GOULD, JR. (SBN 35446)
wgould@wilkefleury.com
MATTHEW W. POWELL (SBN 114563)
mpowell@wilkefleury.com
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
AARON R. CLAXTON (SBN 314822)
aclaxton@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Plaintiffs James Van Dyke. as an individual and James Van Dyke and Connie Jerome as Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Van Dyke in his individual capacity; James Van Dyke and Connie Jerome as Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan,<br><br>    Plaintiffs,<br><br>    v.<br><br>Balance Point Retirement Analytics, LLC and DOES 1-25,<br><br>    Defendants. | Case No. 2:18-CV-02531<br><br>**STIPULATION AND ORDER EXTENDING THE DATE FOR COMPLETING DISCOVERY**<br><br>Courtroom: 7<br>Judge: Morrison C. England Jr. |

Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as Trustees for the Van Dyke Rice Dryer Profit Sharing Plan (collectively "Plaintiffs"), and Balance Point Retirement Analytics, LLC ("Defendant"), by and through their counsel of record, submit this Stipulation and [Proposed] Order Extending the Date for Completing Discovery.

## INTRODUCTION

The Parties jointly request that the date for completing all fact discovery and related motion practice be extended for approximately three months, from September 23, 2019 until December 20, 2019. Good cause exists for this extension because (1) discovery in this action was stayed for almost four months, (2) the parties postponed fact discovery while exploring the possibility of settlement, (3) scheduling conflicts prevented depositions originally noticed in August 2019 from occurring until September 2019, (4) extending fact discovery will not impact the dates for completing expert discovery, filing dispositive motions or proceeding to trial, and (5) this is the first extension of discovery requested by the Parties.

## CIVIL ACTION AND ADVERSARY PROCEEDING

On September 18, 2018, Plaintiffs filed a Civil Complaint against Balance Point Retirement Analytics, LLC ("Balance Point") in the United States District Court. The civil action is titled *James Van Dyke et al. v. Balance Point Retirement Analytics*, *LLC* (Case No. 2:18-CV-025316-MCE-JB) and is assigned to the Honorable Morrison C. England Jr. On September 21, 2018, Plaintiffs filed an Adversary Proceeding against Robert Barnack in the United States Bankruptcy Court. The Adversary Proceeding was titled *James Van Dyke et al. v. Robert Scott Barnack* (Case No. 18-02153) and assigned to the Honorable Christopher M. Klein.

## DISCOVERY STAYED

Plaintiffs and Defendants filed a Joint Discovery Plan in the Adversary Proceeding on November 27, 2018. Thereafter, Plaintiffs initiated discovery in the Adversary Proceeding, issuing document subpoenas to two banks where Defendants maintained accounts. On December 18, 2018, Judge Klein presided over the initial Status Conference in the Adversary Proceeding. During that Conference, Judge Klein advised the parties that the reference to the Adversary Proceeding should be withdrawn and the claims should be litigated in the District Court because the Bankruptcy Court

2452295.1

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

-2-
STIPULATION AND ORDER EXTENDING THE DATE FOR COMPLETING DISCOVERY

had limited jurisdiction over the Federal Securities Law and ERISA claims alleged in the Adversary Complaint. Judge Klein also observed that by withdrawing the reference, "you eliminate the jurisdictional issues, and you may wind up with a more efficient, overall litigation because of the ability to have one discovery proceeding for both actions." (Reporter's Transcript of Proceedings held on Tuesday, December 18, 2018, 7:4-7.)

Pursuant to Judge Klein's directive, Plaintiffs filed a motion to withdraw the reference of the adversary proceeding on January 9, 2019. After Plaintiffs filed the motion to withdraw the reference, Judge Klein stayed discovery in the Adversary Proceeding pending the resolution of the motion. (Civil Minutes of January 9, 2019 Status Conference.)

## MOTION TO WITHDRAW THE REFERENCE

Plaintiffs' motion to withdraw the reference was initially assigned to the Honorable John A. Mendez. On March 4, 2019, Judge Mendez's Courtroom Deputy directed Plaintiffs to file a Notice of Related Cases with Judge England. That afternoon, Plaintiffs submitted a Notice of Related Cases to Judge England's Courtroom Deputy.[1]

On March 14, 2019, Judge England issued a Related Case Order directing that the Motion to Withdraw the Reference of the Adversary Proceeding that had initially been assigned to Judge Mendez be reassigned to Judge England for all further proceedings. Judge England also directed that the Adversary Proceeding be denominated 12:19 CV-00073-MCE-DB. Finally, Judge England directed all dates currently set in the Adversary Proceeding be vacated.

On April 26, 2019, Judge England granted Plaintiffs' motion to withdraw the reference and on April 30, 2019, Judge England issued the Initial Pretrial Scheduling Order in the Adversary Proceeding. With the entry of this order, Judge Klein's order staying discovery in the Adversary Proceeding was effectively lifted.[2]

---

[1] Plaintiffs had filed a Notice of Related Cases when they filed the Motion to Withdraw the Reference of the Adversary Proceeding. However, Plaintiffs had not filed the requisite Notice of Related Cases at the time they initially filed the Adversary Proceeding.

[2] While the discovery stay was in effect in the Adversary Proceeding, Plaintiffs did not pursue discovery in this action lest that be considered an attempt to circumvent Judge Klein's order staying (footnote continued)

2452295.1

## SETTLEMENT DISCUSSIONS

Before initiating further discovery, Plaintiffs and Defendants explored the possibility of settling both actions. The nature of the settlement negotiations will not be disclosed. The parties did not settle the related actions.

## FACT DISCOVERY

In early July 2019, Plaintiffs served document requests, deposition notices and subpoenas. The first depositions were scheduled to proceed the week of August 5, 2019. However, on the day those depositions were scheduled to begin, Defendant's counsel was unexpectedly required to appear for trial in a criminal action. Therefore, it was necessary to reschedule the depositions.

Counsel for Plaintiffs and Defendant met and conferred regarding dates for the depositions and agreed that the depositions previously scheduled for August 2019 will proceed the week of September 22, 2019. New deposition notices and subpoenas have been issued for the continued depositions. However, the depositions are now scheduled at approximately the same time discovery is scheduled to close under Judge England's Initial Scheduling Order.

## EXTENDING FACT DISCOVERY WILL NOT IMPACT OTHER DATES

The Parties now request that the date for completing fact discovery and any associated motion practice be continued to December 20, 2019. That relatively short extension will give the Parties sufficient time to complete fact discovery. The extension of the date to complete fact discovery will not impact the time for completing expert discovery and filing dispositive motions. Expert discovery will be completed and dispositive motions will still be filed no later than 180 days after the original date for completing fact discovery, September 18, 2019.

## FIRST EXTENSION OF DISCOVERY CUTOFF

This request for an extension of the date for completing discovery is the first request for an extension of discovery by either of the Parties.

---

discovery in the Adversary Proceeding. Consequently, discovery was effectively stayed in both actions from January 9, 2019 until April 30, 2019.

2452295.1

# GOOD CAUSE

For the foregoing reasons, the Parties respectfully submit that good cause exists to continue the date for completing fact discovery from September 18, 2019 to December 20, 2019. There is good cause for this extension for the following reasons: (1) fact discovery was effectively stayed for almost four months, (2) the Parties explored the possibility of settlement, (3) scheduling conflicts required continuing previously-noticed depositions, (4) extending fact discovery will not impact the dates for completing expert discovery, filing dispositive motions or proceeding to trial and (5) this is the Parties' first request for an extension of time for completing fact discovery.

SO STIPULATED.

Dated: August _20_, 2019							Wilke, Fleury, Hoffelt, Gould & Birney, LLP

								/s/ Matthew W. Powell___
								Matthew W. Powell
								Attorneys for Plaintiffs

Dated: August _20_, 2019							Law Offices of Julia M. Young

								/s/ Julia M. Young
								Julia M. Young
								Attorneys for Defendant

# ORDER

For the reasons set forth in the foregoing stipulation, the Court finds that good cause exists to continue the date for completing fact discovery from September 18, 2019 to December 20, 2019. All other dates established in the Court's Initial Scheduling Order shall remain the same.

IT IS SO ORDERED.

Dated: August 21, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE