WILKE FLEURY LLP
WILLIAM A. GOULD, JR. (SBN 35446)
wgould@wilkefleury.com
MATTHEW W. POWELL (SBN 114563)
mpowell@wilkefleury.com
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
AARON R. CLAXTON (SBN 314822)
aclaxton@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as the Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

James Van Dyke in his individual capacity; James Van Dyke and Connie Jerome as Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan,

Plaintiffs,

v.

Balance Point Retirement Analytics, LLC and DOES 1-25,

Defendants.

No. 2:18-cv-02531 MCE DB

**ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR BALANCE POINT RETIREMENT ANALYTICS, LLC, MARY CLAIRE BARNACK, CHIEF OPERATIONS OFFICER**

Date: January 15, 2021
Time: 9:30 a.m.
Courtroom: 27
Judge: Hon. Deborah Barnes

## I. INTRODUCTION

Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as Trustees for the Van Dyke Rice Dryer Profit Sharing Plan (Plaintiffs/Judgment Creditors) have applied for an Order to take the examination of Judgment Debtor Balance Point Retirement Analytics, LLC (Balance Point) through its Chief Operations Officer, Mary Claire Barnack on **January, 15 2021 at 9:30 am** at via Zoom videoconference.

For the following reasons, this Court grants the Application.

## II. BACKGROUND FACTS

On November 5, 2019, a Stipulated Judgment ("Judgment") was entered in favor of Plaintiffs against Balance Point in the United States District Court for the Eastern District of California. (Declaration of Matthew W. Powell ("Powell Dec."), ¶ 2, Exhibit A).

Approximately one month prior thereto, a Stipulated Judgment was entered in favor of Plaintiffs in the companion action against Robert Barnack, the Chief Executive Officer of Balance Point Retirement Analytics, LLC. Plaintiffs brought an adversary proceeding against Mr. Barnack in the United States Bankruptcy Court for the Eastern District of California. That adversary proceeding was withdrawn and the matter returned to the District Court. On October 15, 2019, a Stipulated Judgment was entered in the action *In re Robert Scott Barnack* (Case No. 2-19-CV-00073-MCE-DB). (Powell Decl. ¶ 2, Exhibit B.) Collectively, Mr. Barnack and Balance Point are referred to as "Defendants."

The Judgment was entered in the amount of two million, five hundred thousand dollars ($2,500,000) and required Defendants to make payments to Plaintiffs in accordance with a payment schedule included in the Judgments. (Powell Decl. ¶ 3.) Balance Point, through its Chief Executive Officer, Robert Scott Barnack, made the first payment of two hundred thousand dollars ($200,000) and the second payment of one hundred thousand dollars ($100,000). (Powell Dec. ¶ 3.) However, Defendants defaulted on the Judgments by failing to make the March 31, 2020 payment. (Powell Dec. ¶ 4.) When Defendants failed to make the March 31, 2020 payment, Plaintiffs did not


immediately declare a default. Instead, in light of the local shelter-in-place orders, Plaintiffs granted Defendants an extension to April 30, 2020. That date passed without payment. (Powell Dec. ¶ 5.) Plaintiffs granted Defendants a second extension to June 1, 2020, which also passed without payment. (*Id.*) Plaintiffs granted Defendants a third extension to June 8, 2020, based on Defendants' representation that payment was on its way. That date also passed without payment. (*Id.*) Defendants thereafter defaulted on the Judgment by failing to make the June 30, 2020 payment. (Powell Decl. ¶ 6.)

On August 6, 2020, Plaintiffs filed an Application For An Order For Appearance And Examination Of Judgment Debtor Balance Point Analytics Retirement, LLC, Mary Claire Barnack, Chief Operations Officer. (EMC No. 18). On August 11, 2020, United State Magistrate Judge Debra Barnes issued an order requiring Balance Point through its Chief Operations Officer to appear for an examination on September 25, 2020. After the debtor's examination was scheduled, Barnack delivered a cashier's check to Plaintiffs' counsel for $70,000 and represented that he would pay an additional $130,000 by August 31, 2020. August 31, 2020 passed without Barnack making the $130,000 payment, so Plaintiffs' counsel reached out to Barnack's counsel to determine when the payment would be made. On September 3, 2020, Barnack, through his counsel, represented that he could definitely pay the $130,000 on September 28, 2020 and an additional $100,000 on October 28, 2020. That representation is was memorialized in an exchange of emails between Barnack's counsel and Plaintiffs' counsel. (Powell Decl. ¶ 7; Ex D.)

Based on Barnack's payment of $70,000 and his assurance that he could definitely pay an additional $130,000 by September 28, 2020, Plaintiffs withdrew their request to take the examination of Balance Point. (EMC No. 20.)

Despite his assurance that the $130,000 would definitely be paid on September 28, 2020, Barnack did not deliver a cashier's check to Plaintiffs' counsel. Plaintiffs' counsel promptly reached out to Barnack's counsel to ask when they payment due on September 28, 2020 would be made. Through his counsel, Barnack represented that he would deliver the check for $130,000 to Plaintiffs' counsel sometime that week. On October 2, 2020, Plaintiffs' counsel asked Barnack's counsel when he could expect to receive delivery of the check. Barnack's counsel responded that she would check

with Barnack. As of the date this application was filed, there had been no further payments on the amounts due and presently owing under the terms of the Judgments. The amount presently owed to Plaintiffs' is two million, one hundred thirty thousand dollars ($2,130,000). (Powell Decl. ¶ 9).

By this Application, Plaintiffs seek to conduct a debtor's examination of Mary Claire Barnack. Not only is Ms. Barnack the wife of Defendant Robert Barnack, Ms. Barnack was, at all relevant times to the action, the Chief Operations Officers for Balance Point. Ms. Barnack is also listed as a founding partner and principal of Balance Point. Her duties at Balance Point included responsibility for its operational and accounting matters. Among the areas of inquiry will be the various uses made of the money the Plaintiffs paid to Balance Point. (Powell Decl. ¶¶ 11, Ex. F at, pp. 4, 24.)

Plaintiffs also intend to examine Ms. Barnack regarding the assets and liabilities of her husband. Among the areas of inquiry will be Mr. Barnack's actions while he was serving as the Chief Executive Officer of Balance Point, as well as his employment from 2016 through the date of the examination. Ms. Barnack will also be examined regarding Mr. Barnack's use of funds flowing through the accounts maintained by Balance Point to Mr. Barnack, Ms. Barnack and their daughter, Meredith Barnack. Finally, Ms. Barnack will be examined regarding the source of funds used by Mr. Barnack to make the payments to Plaintiffs. The scope of the examination of Ms. Barnack will be wide-ranging as Plaintiffs attempt to discover assets that they can use to satisfy the $2,130,000 balance that is presently due and payable under the terms of the Stipulated Judgments against Balance Point and Robert Scott Barnack. (Powell Decl. ¶ 9.)

## III.
## DISCUSSION

Plaintiffs have filed an application for a debtor's examination and production of documents. Pursuant to Federal Rule of Civil Procedure 69(a)(l ), "[t]he procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "[T]he procedure on execution is to be in accordance with the procedure of the state in which the district court is located at the time the remedy is sought." *In re Estate of Ferdinand Marcos Human Rights*

*Litigation*, 536 F.3d 980, 987-988 (9th Cir. 2008). In turn, California Code of Civil Procedure Section 708.110 provides, in relevant part:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708. l l 0(a)-( e ). California Code of Civil Procedure Section 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Civ. Proc. Code § 708.160(b).

Plaintiffs' application sets forth the showing required by Federal Rule of Civil Procedure § 69(a)(2) and the applicable provisions of the California Code of Civil Procedure Sections 708.110 and § 708.160.

Additionally, where a judgment debtor is an organization, California Code of Civil

Procedure Section 708.150 provides, in relevant part:

> (a) If a corporation, partnership, association, trust, or other organization is served with an order to appear for an examination, it shall designate to appear and be examined one or more officers, directors, managing agent, or other persons who are familiar with its property and debts.
>
> (b) If the order to appear for an examination requires the appearance of a specified individual, the specified individual shall appear for the examination and may be accompanied by one or more officers, directors, managing agents, or other persons familiar with the property and debts of the corporation, partnership, association, trust, or other organization.

Here, Plaintiffs believe Ms. Barnack has specific knowledge regarding the property of Balance Point as a "founding partner" and Chief Operations Officer of the organization who is "responsible for all firm operational and accounting matters." (Powell Dec. ¶¶ 11, Exhibit F, pp. 4, 24.) Accordingly, Plaintiffs request that Ms. Barnack appear for examination on behalf of the judgment debtor, Balance Point. As noted above, Plaintiffs also intend to examine Ms. Barnack as the spouse of Defendant Robert Scott Barnack. (Powell Decl. ¶ 11.) Plaintiffs believe that Ms. Barnack has specific knowledge regarding the property of Mr. Barnack, as well as his access to assets that were not disclosed in the proceedings before the United States Bankruptcy Court. (Powell Decl. ¶ 13.)

Plaintiffs also seek to require Ms. Barnack to produce documents prior to the examination. Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *United States v. Feldman*, 324 F.Supp.2d 1112, 1116 (C.D. Cal. 2004) (quoting *Imperial Bank v. Pim Elec., Inc.*, 33 Cal.App.4th 540 (1995)). A debtor's examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F.Supp.2d 969, 970 (C.D. Cal. 2008) (citations and internal punctuation omitted). In a debtor's examination, assets of a judgment debtor's spouse are subject to levy in order to satisfy the judgment. See Cal. Civ. Proc. Code

§ 708.160(b)(2). Finally, the privilege not to testify against a spouse does not apply in a debtor's examination under California law. See Cal. Civ. Proc. Code § 708.130(b).

Federal Rule of Civil Procedure 34 authorizes a party to seek production of documents. Further, California Code of Civil Procedure section 708.030(a) provides that a "judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made ...." Cal. Civ. Proc. Code § 708.030. Accordingly, the Ms. Barnack shall produce the following documents for inspection as directed by this order.

1. All documents identifying real property, personal property and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, retirement accounts, PayPal accounts, life insurance policies, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Robert Barnack is entitled to receive from third-parties, as well as any other assets owned or controlled by Robert Barnack. Such documents, shall include, without limitation, the location of any and all property and assets of Robert Barnack.

2. All documents identifying real property, personal property, and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Balance Point Retirement Analytics, LLC is entitled to receive from third-parties, as well as any other assets owned or controlled by Balance Point Retirement Analytics, LLC. Such documents, shall include, without limitation, the location of any and all property and assets of Balance Point Retirement Analytics, LLC.

3. All documents identifying real property, personal property, and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Double Diamond Holdings,

LLC is entitled to receive from third-parties, as well as any other assets owned or controlled by Double Diamond Holdings, LLC. Such information and documents, shall include, without limitation, the location of any and all property and assets of Double Diamond Holdings, LLC.

    4.    All tax returns filed by Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC with any Federal, State or Local Tax authority from January 1, 2012 through the present.

    5.    All accounting records of Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC reflecting transactions for the period from January 1, 2012 through the present, including, but not limited to documents identifying accounts payable, deposit receipts and accounts receivable, along with, payroll records, financial statements, general ledgers, and journal entries.

    6.    All financial records for bank, brokerage or other financial institution accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC reflecting transactions for the period from January 1, 2012 through the present.

    7.    All documents relating to checking accounts maintained by Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, including but not limited to, checkbooks, checkbook stubs, cancelled checks, checkbook entries, passbooks and account statements reflecting deposits, withdraws and transfers for the period from January 1, 2012 through the present.

    8.    Any contracts, judgments, liens, settlement agreements or any other documents pursuant to which another party has agreed to pay money to Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, during the period from January 1, 2012 through the present.

    9.    All documents relating to real estate holdings by Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, including but not limited to, trust deeds, grand deeds, mortgages, promissory notes, corporate records, partnership records, limited liability company records, shares, certificates, or units any such real estate holdings during the

period from January 1, 2012 through the present.

10. All debit and credit card statements of Robert Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC reflecting purchases, refunds and payments during the period from January 1, 2012 through the present.

11. Any W-2 forms received by Robert Barnack from January 1, 2012 through the present.

12. Any 1099 statements received by Robert Barnack, in his individual capacity or any other capacity, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC for services rendered or work performed during the period from January 1, 2012 through the present.

13. Any K-1 statements received by Robert Barnack, in his individual capacity or any other capacity, compensations, distributions or any other monetary payments received during the period from January 1, 2012 through the present.

14. Any documents evidencing property held by Robert Barnack in pawn at the present time.

15. All partnership certificates, articles of incorporation, articles of organization and trade name certificates filed by Robert Barnack, in his individual or any other capacity, during the period from January 1, 2005 through the present.

16. Any documents evidencing any contracts or agreements entered into by Robert Barnack under which Robert Barnack is entitled to receive presently, or at any future time, any compensation of any kind including, but not limited to, personal property, real property, commissions, salaries, rents or an assignment of receivables, rents or profits.

17. All documents referring or relating to the transfer of money into or out of any accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC, including, but not limited to, wire transfers, checks, cash, payments or withdrawals from January 1, 2012 through the present.

18. All documents referring or relating to any wire transfers into any account owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC with information sufficient to identify the source of the wire

transfers from January 1, 2012 through the present.

19. All documents referring or relating to any wire transfers out of any account owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC, with information sufficient to identify the recipient(s) of the wire transfers.

20. All documents referring or relating to any person or organization that wired money into any accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC.

21. All documents referring or relating to any person or organization that received wire transfers from any accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC.

22. All documents referring or relating to any person or organization that received money withdrawn from any accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC.

23. All documents referring or relating to any person or organization that deposited money into any accounts owned or controlled, in whole or in part, by Robert Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC.

24. All documents referring or relating to any of the following entities: BAYCO MA, DAVIS EN, DAXCO3, DAXCO6, EMERY EN, LIEPER CAP, LIEPER CAP2, POLK RES, PRINCIPAL P, or PRINCIPAL P2.

25. All documents referring or relating to any communications between Robert Barnack and Double Diamond Holdings, LLC.

26. All documents referring or relating to any communications between Robert Barnack and Nancy Brown.

27. All documents referring or relating to any communications between Robert Barnack and Joan Meisner.

28. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Double Diamond Holdings, LLC.

29. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Nancy Brown.

30. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Joan Meisner.

31. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Mary Claire Barnack.

32. All documents referring or relating to any communications between Robert Barnack and any regulatory agency (i.e. United States Department of Justice, United States Securities and Exchange Commission, California Department of Business Oversight, etc.) referring or relating to Balance Point Retirement Analytics, LLC.

33. All documents referring or relating to any communications between Robert Barnack and any regulatory agency (i.e. United States Department of Justice, United States Securities and Exchange Commission, California Department of Business Oversight, etc.) referring or relating to Robert Barnack.

34. All documents referring or relating to any communications between Robert Barnack and Thomas Joseph Keating, Jr.

35. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Thomas Joseph Keating, Jr.

36. All documents referring or relating to wire transfers from any Balance Point Retirement Analytics, LLC accounts to Thomas Joseph Keating, Jr.

37. All documents referring or relating to money withdrawn from any Balance Point Retirement Analytics, LLC accounts and paid to Thomas Joseph Keating, Jr.

38. All documents referring or relating to any communications between Robert Barnack and Marilyn Catherine Barnack Keating.

39. All documents referring or relating to wire transfers from any Balance Point Retirement Analytics, LLC accounts to Marilyn Catherine Barnack Keating.

40. All documents referring or relating to money withdrawn from any Balance Point Retirement Analytics, LLC accounts and paid to Marilyn Catherine Barnack Keating.

41. All documents referring or relating to communications between Balance Point Retirement Analytics, LLC and certain professional consultants including Acceleration Retirement, eMONEY Advisor, Performance Technology, PT Services Group, 401k Coach Program and TradeWarrior.

42. All documents referring or relating to communications with Miracomm Holdings LTD and any person or organization contacted as a result of information received from Miracomm Holdings LTD.

43. All documents referring or relating to the governance of Balance Point Retirement Analytics, LLC, including, but not limited to the operating agreement and any records of meetings.

44. All documents referring or relating to the governance of Double Diamond Holdings, LLC, including, but not limited to the operating agreement and any records of meetings.

## IV.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Mary Claire Barnack shall appear via video conference on January 15, 2021 at 9:30 a.m. via Zoom videoconference. To participate in the Zoom video conference, the Court and the Judgement Debtor may use the following link:**

https://us02web.zoom.us/j/83688110530?pwd=YVZPS1lyQlR6YVFnN0JyNmF6cEl2Zz09

Meeting ID: 836-8811-0530 / Passcode: wf2200 **(Enter this passcode when prompted). Alternatively, you may go directly to www.zoom.com, select "Join a Meeting" and enter the above Meeting ID and Passcode.**

**You will need access to a computer or a laptop containing a camera and microphone. You should contact counsel for Plaintiffs to the extent you have any questions regarding participating in the Judgement Debtor's Examination via Zoom video conference in advance of the Judgement Debtor's Examination.**

2. At that time, Ms. Barnack shall furnish information to aid in the enforcement of the money judgment by answering questions about the real and personal property and assets of Robert Barnack and Balance Point Retirement Analytics, LLC.

3. Mary Claire Barnack shall produce responses to the document requests to this Order to Matt Powell at Wilke Fleury LLP, 400 Capitol Mall, Twenty-Second Floor, Sacramento, California 95835, on or before December 15, 2020; and

4. Plaintiffs/Judgment Creditors must serve this Order upon Mary Claire Barnack personally not less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court;

**NOTICE TO MARY CLAIRE BARNACK. IF YOU FAIL TO APPEAR AS SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

Dated: October 19, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\vandyke2531.jde2.ord